## STATE v. ALSPACH.
No. 6268.

Circuit Court, Dade County, Criminal Appeal.

September 11, 1967.

MacKenzie & MacKenzie, Miami, for appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Assistant State Attorney, for appellee.

GENE WILLIAMS, Circuit Judge.

This cause came before the court upon an appeal from several judgments and orders of the metropolitan court of Dade County.

At the time of oral argument on this appeal, appellant abandoned the appeal as to all judgments or orders other than the contempt order dated April 4, 1967, and the sentence imposed thereunder.

It appears from the record that on December 28, 1966 appellant was convicted of "improper passing and lane usage." He was sentenced to pay a fine of $100, which was paid. His driver's

license was suspended for one year. The trial judge, also at that time, imposed some sort of verbal order to the effect that the defendant was not to drive a car for a period of one year. This order does not appear in the record nor is it included in the judgment, but all parties concerned agree that such an oral order was made.

On January 26, 1967, the appellant was charged in the same court with traffic offenses including operating a motor vehicle without a driver's license. He plead guilty and was sentenced to pay a fine of $150. The adjudication and sentence was by a judge other than the judge who imposed the adjudication and sentence on December 28, 1966.

On March 8, 1967 a "rule to show cause in contempt" was issued against the appellant for violation of the court's order of December 28, 1966 — by operating of a motor vehicle.

The trial judge refused to rule upon a motion to quash filed by the appellant. The cause came on for hearing and the appellant was found to be in contempt of court and sentenced to serve 48 hours in jail. It is this latter commitment which is the subject of this appeal, appellant having abandoned his appeal from the original sentence of December 28, 1966 and various orders concerning revocation of his driver's license. Appellant contends that the contempt proceeding was invalid as constituting double jeopardy — because he had already been sentenced for the offense of operating a motor vehicle without a license.

It is the opinion of the court that the contempt order must be reversed for several reasons. In the first place, there is no basis in law whereby a judge of the metropolitan court may order a defendant not to operate an automobile. Ordinarily, one cannot be held in contempt for a violation of an invalid order. Even if the order had been valid, the alleged violation would have been an indirect contempt and therefore subject to certain procedures required by law including dispositions of motions, such as a motion to quash.

For the reasons stated the order of contempt dated April 4, 1967, and the sentence thereunder, are reversed. In all other respects the judgments of the trial court are affirmed.